IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST WILSON, SR., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 09-CV-3147 |
| PPL MARTIN'S CREEK, LLP., | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                               MARCH 23, 2010

       This action was originally commenced by Plaintiff in the Court of Common Pleas of Northampton County, then removed by Defendant to this Court on the basis of federal question jurisdiction.  Plaintiff, an African-American, has filed an employment discrimination complaint in which he alleges the following facts:  In 1978, Defendant promoted Plaintiff from the Position of Laborer to the position of Plant Equipment Operator.  As part of his annual safety training, Plaintiff must undergo an annual Respirator Fit Test.  Plaintiff has suffered from claustrophobia for at least 20 years and has "difficulty in the respirator test causing his [sic] to have trouble breathing, hyperventilation, and suffers from anxiety attacks when forced to perform this test."  Complaint at ¶ 8.  Plaintiff is not required to wear a respirator during his daily job tasks.  In 2001, Plaintiff was granted a full waiver not to participate in the Respirator Fit Test.  In 2005, Plaintiff requested an additional waiver of testing because of his worsening claustrophobia.  Defendant brought the Plaintiff's issues before a Joint Disability Committee (comprised of two union representatives and two of Defendant's representatives) in order to determine if Plaintiff

was able to perform his job with the Plaintiff's requested waiver due to claustrophobia. The Joint Disability Committee determined that Plaintiff could not perform his essential job functions as a result of not wearing a respirator during training. On June 22, 2007, Defendant, without explanation, changed Plaintiff's job title from Plant Equipment Operator to "Utility Person." Defendant subsequently assigned Plaintiff to areas where he would not be exposed to emergency spill of dust or coal. Plaintiff was told that the change of job title would not affect his rate of pay. Plaintiff believes that despite his claustrophobia he is not in need of limitations or restrictions with the exception of the respirator mask. Based on these facts, Plaintiff reaches the following conclusions:

> 23. ... that the Defendant discriminated against him by assigning him to selected areas of the Defendant's business and not permitting him to work in other areas of the defendant's business in which the Plaintiff had worked for over 20 years.
>
> 24. ... that the Defendant set up the Respirator Fit Test and denied him the requested accommodation and thereby discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act.
>
> 25. ... that the Defendant discriminated against him on the basis of his race in violation of Title VII of the Federal Civil Rights Act and discriminated against him on the basis of age in violation of the Age Discrimination Act of 1967.
>
> 26. ... that Peter E. Giella, the Defendant's Supervisor of Operation, placed limitations on where the Plaintiff could work in an effort to retaliate against the Plaintiff based on the restrictions of the Plaintiff's disability.

Complaint at ¶¶ 23-26. In paragraphs 46(b), 58(c) of the Complaint, Plaintiff seeks "benefits illegally withheld from the date of Plaintiff's termination until the date Plaintiff is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment." Presently before the Court is the Defendant's Motion to Dismiss the Complaint

pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the reasons that follow, the Motion is granted.

## **Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. Here, Plaintiff's allegations fail to state a claim that is plausible on its face.

In order to establish a prima facie case of discrimination, Plaintiff must show that: (1) the plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) the adverse job action occurred under circumstances that give rise to an inference of discrimination. See Sarullo v. United States Postal Serv., 352 F.3d 789, 797-98 (3d Cir. 2003).

In his Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff admits that Defendant: (1) did not terminate his employment[1]; (2) did not reduce his compensation and benefits; (3) changed his job title from "Plant Equipment Operator" to "Utility Person"; and

---

[1] As noted above, Plaintiff alleges in his Complaint that he was terminated, yet admits in his Opposition Brief that he was not terminated. The discrepancy is obviously the result of Plaintiff's counsel using a form for the Complaint and not bothering to check it for accuracy before filing the Complaint.

(4) reassigned Plaintiff to non-hazardous plant areas so that this claustrophobic employee would not have to undergo safety training which would require him to wear a panic-inducing respirator mask. Plaintiff's Opposition Brief at 4, 13. As a result, Defendant argues that Plaintiff has failed to allege that he suffered an adverse employment action.

An adverse employment action is "one which is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3rd Cir. 1997)). Not every "insult, slight or unpleasantness gives rise" to a valid discrimination claim. Id. at 1297.

"Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions." Langley v. Merck, 186 Fed. Appx. 258, 260 (3d Cir. 2006) (comparing cases). It is undisputed that Plaintiff was not discharged nor was his pay was cut. He alleges no change in shift, no diminution in future wages and opportunities or that his new position is somehow inferior to his old position. On the contrary, Plaintiff alleges nothing more than a change in job title and transfer to a non-hazardous plant area as an accommodation for his claustrophobia. Instead of being pleased with Defendant's willingness to accommodate him, Plaintiff turns around and sues Defendant for a myriad of discrimination and retaliation claims. "Minor or trivial actions that merely make the employee unhappy are not sufficient" to qualify as an adverse employment action, "for otherwise every action that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit." Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778, 787 (3d Cir. 1998)(internal quotations omitted)(discussing discrimination in the context of the Americans

with Disabilities Act).

For retaliation claims, the adverse employment action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. and Santa Fe Rwy. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). Whether an employer's action is adverse "depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Burlington, 548 U.S. at 70-71 (emphasis added). From a reasonable person's perspective, changing an employee's job title from "Plant Equipment Operator" to "Utility Person" and transferring that employee to non-hazardous plant areas so that the employee would not have to wear a panic-inducing respirator mask during safety training is not, as a matter of law, an adverse employment action for purposes of a retaliation claim as defined by the Supreme Court in Burlington.

Because Plaintiff has failed to properly allege that he suffered an adverse employment action, he has failed to establish a prima facie case of discrimination or retaliation. As a result, the Complaint must be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST WILSON, SR., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 09-CV-3147 |
| PPL MARTIN'S CREEK, LLP., | : | |
| | : | |
| Defendant | | |

O R D E R

AND NOW, this 23rd day of March, 2010, it is hereby ORDERED that the Motion of the Defendant to Dismiss [Doc. # ] is GRANTED.

The Complaint is DISMISSED with prejudice.

The Clerk is DIRECTED to mark this case closed for statistical purposes.

BY THE COURT:

*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.